Martin F. Casey
Janine E. Brown
**CASEY & BARNETT, LLP**
25 Prospect Street
Morristown, New Jersey 07960
(973) 993-5161
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X    2013 Civ.
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o EASTMAN CHEMICAL
COMPANY,                                                              **COMPLAINT**

       Plaintiff,

  - against –

GLOBAL TERMINAL & CONTAINER SERVICES,
LLC and HAPAG-LLOYD AG,

       Defendants.
-----------------------------------------------------------------X

Plaintiff, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o EASTMAN CHEMICAL COMPANY, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

2.    Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(a)(2) as a substantial part of the events giving rise to the claim occurred within this judicial district.

### PARTIES

3.    At all material times, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (hereinafter "IINA" or "Plaintiff") was and is a corporation with an office and place

of business located at 1133 Avenue of the Americas, New York, New York 10036-6710 and is the subrogated underwriter of a consignment of 500 bags of Piccotac 1098 Hydrocarbon Resin, as described below.

4. At all material times, EASTMAN CHEMICAL COMPANY (hereinafter "Eastman" or "Plaintiff") was and is a corporation with an office and place of business located at 200 South Wilcox Drive, Kingsport, Tennessee 37660 and is the shipper and owner of a consignment of 500 bags of Piccotac 1098 Hydrocarbon Resin, as described below.

5. At all material times, defendant, GLOBAL TERMINAL & CONTAINER SERVICES, LLC (hereinafter "Defendant" or "Global") was and is a corporation with an office and place of business located at 302 Port Jersey Boulevard, Jersey City, New Jersey 07035 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

6. At all material times, defendant, HAPAG-LLOYD AG (hereinafter "Hapag-Lloyd" or "Defendant") was and is a corporation with an office and place of business located c/o Hapag-Lloyd (America) Inc., 399 Hoes Land, Piscataway, New Jersey 08854 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier.

7. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

### AS AND FOR A FIRST CAUSE OF ACTION

8. On or about October 23, 2012, a consignment, consisting of 500 bags of Piccotac 1098 Hydrocarbon Resin, then being in good order and condition, was laden into container GESU2053874 and was delivered to defendants and/or their agents at the port of New York for

transportation to Jakarta, Indonesia in consideration of an agreed upon freight, pursuant to Export Booking Number 93406328.

9. The consignment sat at defendant Global's facilities for six (6) days awaiting ocean transportation by defendant Hapag-Lloyd as the entire New York City region braced and prepared for Hurricane Sandy, forecasted to make landfall on or about October 29, 2012.

10. On or about October 29, 2012, Hurricane Sandy made landfall and the subject cargo sustained severe water damage due to water infiltration as a result of tidal surge.

11. Despite these clear and present warnings of the impending storm, defendants did not move or otherwise transport the consignment away from the flood risk terminal.

12. As a result, the damaged cargo had to be transported back to Plaintiff's plant located at 402 Main Street, Belle Vernon, Pennsylvania 15012.

13. The cargo required reprocessing and repacking, resulting in a loss of $7,533.92.

14. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants and/or their agents.

15. Defendants and/or their agents failed to take all reasonable measures and precautions to prevent damage to the subject cargo in light of the impending, forecasted, and highly publicized storm.

16. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $7,533.92.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of plaintiff against defendants, jointly and severally, for the amount of plaintiff's damages in the amount of at least $7,533.92, together with interests, costs and the disbursements of this action; and

3. That this Court grant to plaintiff such other and further relief as may be just and proper.


Dated: Morristown, New Jersey
       June 11, 2013
       115-1276

                              CASEY & BARNETT, LLP
                              Attorneys for Plaintiff

                    By: _____
                              Martin F. Casey
                              Janine E. Brown
                              25 Prospect Street
                              Morristown, New Jersey
                              (973) 993-5161